pleas are insufficient. Defendants will not be required to file any further pleading thereto, and I think, by sustaining the demurrers to these pleas because of their insufficiency, all the rights of the defendants on appeal will be saved to them. In any case, I do not see how the demurrers can be overruled.

The seventh plea alleges want of novelty, because the alleged invention had been previously patented, on certain specified dates, by other parties. The dates of the patents so pleaded are prior to the date of the patent in suit. Section 4920, Rev. St. U. S., provides for allegation and proof of a patent, or description in some printed publication, prior to the supposed invention or discovery. If this plea is held sufficient, and these patents pleaded really contain the invention in question, complainants must reply, alleging the real date of invention. This might be a better and fairer mode of pleading, but the real question is that pointed out by the statute,—whether the patents pleaded in defense antedate the supposed invention or discovery,—and I think the statute requires the defense to be so pleaded.

The motions to strike out the second and fourth pleas are denied. The demurrer to the third plea is overruled. The demurrers to the fifth, sixth, seventh, and ninth pleas are sustained, with leave, as to the seventh plea, to plead over within 20 days. The motion to require the plaintiffs to reply to the pleas is denied. Walk. Pat. § 478. If plaintiffs choose not to reply by denial or otherwise, they take upon themselves whatever risk may attend said refusal.

---

MONITOR MANUF'G CO. v. ZIMMERMAN MANUF'G CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 27, 1892.)

PATENTS FOR INVENTIONS—WIND ENGINES—PATENTABILITY.

The first and second claims of letters patent No. 362,870, issued May 10, 1887, for the combination in a wind engine of a wheel-supporting casting having a tubular spindle, with the wheel mounted on such spindle, the spindle projecting on the plane of the wheel, with the wheel shaft journaled within the spindle, having its outer end keyed to revolve with the wheel, and its inner end connected with the pump rod; and for the combination in a wind engine with the wheel-supporting casting, and the tubular spindle projecting laterally therefrom, having a bearing formed at its inner end of less diameter than the bore of the spindle, of the wheel mounted upon the spindle, the wheel shaft passing through the bore of the spindle keyed to the hub of the wheel, and journaled at its inner end in said bearing, the crank, the pump rod, and suitable connections between the crank and pump rod,—are void for want of invention, none of the elements being new, and there being no invention in their combination.

Appeal from the Circuit Court of the United States for the District of Indiana.

In Equity. Suit by the Monitor Manufacturing Company against the Zimmerman Manufacturing Company, John W. Baxter, Franklin T. Zimmerman, and Elias Zimmerman, to restrain the alleged

infringement of three letters patent. Defendants obtained a decree. Complainant appeals. Affirmed.

The opinion of the circuit court, filed September 28, 1891, was as follows:

Suit for infringement of three patents: The first one in order is No. 258,352, dated May 23, 1882. Infringement is charged of the second claim only, which is in these words: "In a vertical wind wheel, the casting, E, in which the wheel is journaled, and which is curved laterally so as to throw the wheel shaft out of line with the vane, and thus enable it to swing around out of the wind, substantially as shown." The second patent to be considered is reissue No. 10,834, granted May 10, 1887. Infringement is charged of claims 6, 7, and 8, which are in these words: "(6) The combination, with the casting having a tubular spindle projecting therefrom, provided with annular grooves and openings leading from the bore through to the outer side, and an oil cup located at the inner end of the spindle, and communicating with its bore, of the wheel hub having an enlarged axial opening to receive said spindle, and the wheel shaft fastened in the outer end of the hub, and extended through the spindle, and connected with the pump rod, whereby oil from said oil cup lubricates the wheel shaft and the wheel hub, substantially as described. (7) The combination, with the casting having a tubular spindle provided with annular grooves and radial openings extending from its bore, of the wheel hub having an enlarged axial opening to receive the tubular spindle, the shaft keyed to the outer end of the hub and passed through the spindle, with the enlarged axial opening, and lubricating said hub and shaft, substantially as described. (8) The combination with the casting having a tubular spindle projected therefrom provided with annular grooves and radial openings, and an oil cup located at the inner end of the spindle and communicating with its bore, of the wheel hub having an enlarged axial opening to receive the spindle, the shaft keyed to the outer end of the hub and passed through the spindle, and the oil reservoirs, disposed around the hub, and communicating with the large opening, substantially as described, and for the purpose specified." The third patent embraced in the bill is No. 362,870, dated May 10, 1887. Infringement is charged of claims 1, 2, 3, and 4, which are as follows: "(1) In a wind engine, the combination, with the wheel-supporting casting having a tubular spindle projecting laterally therefrom, of the wheel mounted on said spindle, which spindle projects about an equal distance on each side of the plane of the wheel, and the wheel shaft journaled within the spindle, having the outer end keyed to revolve with the wheel, and having the inner end connected with the pump rod, substantially as and for the purpose described. (2) In a wind engine, the combination, with the wheel-supporting casting and the tubular spindle projecting laterally therefrom, having a bearing formed at its inner end of less diameter than the bore of said spindle, of the wheel mounted upon the spindle, the wheel shaft passing through the bore of said spindle keyed to the outer end of the hub of the wheel, and journaled at its inner end in said bearing, the crank, the pump rod, and suitable connections between the crank and pump rod, substantially as set forth. (3) In a wind engine, the combination of the wheel-supporting casting having a tubular extension projecting therefrom, and having a bore in line with the extension, the inner end of which is enlarged, forming a recess, a sleeve having a bore of less diameter than the bore of the tubular extension, seated in the recess, leaving a space between the bottom of the recess and the inner end of the sleeve, the wheel hub mounted on the tubular extension, and a shaft keyed to the hub and projecting through said extension, and having a bearing in the sleeve, substantially as described, whereby the sleeve may be replaced without necessitating the removal of the wheel from its bearing, substantially as set forth. (4) In a wind engine, the combination of the wheel-supporting casting having a tubular spindle projecting laterally therefrom, the wheel mounted thereon, and having the spindle projecting about an equal distance on each side of the plane of the wheel, the two series of radial lubricating boxes, one series being located on one side of the plane of the wheel, the other series on the other side of

the plane of the wheel, the boxes of one series alternating with the boxes of the other series, the wheel shaft keyed to the outer end of the wheel hub, passing through the spindle and lubricated by said boxes, that portion of the shaft on each side of the plane of the wheel being lubricated by its respective set of boxes, substantially as set forth."

These claims, both by reason of the prior art, and on account of the minute and numerous details of description used, are necessarily extremely narrow, and show invention, if at all, only in the specific forms of construction and combination described; and, this being so, the evidence does not show infringement, unless it be of the first and second claims of patent No. 362,870. If those claims are valid, it is conceded that they have been infringed. Their validity, however, is denied; and in view of patent No. 217,125, issued to C. Lohnes, and Nos. 233,178 and 244,968, issued to J. S. Adams, it is clear that they are void of invention. The only feature of novelty asserted for the first claim is that the spindle on which the wheel is mounted "projects about an equal distance on each side of the plane of the wheel," and, for the second claim, the novelty is supposed to be in "the tubular spindle * * * having a bearing formed at its inner end of less diameter than the bore of the spindle." Neither of these things are new, and there was no invention in introducing them into the combinations described. It follows that the bill should be dismissed for want of equity.

C. P. Jacobs and V. H. Lockwood, for appellant.

R. S. Taylor, for appellees.

Before GRESHAM, Circuit Judge, and BUNN and JENKINS, District Judges.

PER CURIAM. The decree appealed from is affirmed upon the grounds stated in the opinion of the court below.

---

PALMER et al. v. MILLS et al.

(Circuit Court, D. Connecticut. June 29, 1893.)

No. 728.

PATENTS FOR INVENTIONS — VALIDITY — PRELIMINARY INJUNCTION — QUILTING FABRICS.

Letters patent No. 308,981 and No. 308,982, issued December 9, 1884, to Frank L. Palmer, are for improvements for stitching comfortables by machinery. Owing to the commercial advantages given by these patents, complainants, who owned them, were enabled to practically command the entire business of this country in this kind of quilts. The validity of the patents had never been denied, except by one other party who, after suit brought for infringement, compromised the same, and has ever since paid a royalty. Held, that on an application for preliminary injunction, where infringement was plain, the patents would be presumed to be valid, and the injunction granted, unless defendants gave a sufficient bond to secure any damages decreed against them.

In Equity. Bill by Frank L. Palmer and others against Crefeld Mills and others for infringement of patents. On motion for preliminary injunction. Order allowing injunction unless bond be given.

E. H. Brown, for complainants.

J. E. Maynadier, for defendants.